# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI NORTHERN DIVISION

| | |
|---|---|
| CODY LEE WALTON<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON, MACON COUNTY SHERIFF in his official and individual capacity, and<br><br>DAVID MOORE, MACON COUNTY JAIL ADMINISTRATOR in his official and individual capacity, AND<br><br>UNKNOWN MACON COUNTY DEPUTY SHERIFF in their official and individual capacity, AND<br><br>ALAN R. WYATT, MACON COUNTY PRESIDING COMMISSIONER, in his official capacity, AND<br><br>DREW BELT, MACON COUNTY COMMISSIONER for District #1 in his official capacity, AND<br><br>JON DWIGGINS, MACON COUNTY COMMISIONER for District # 2, in his official capacity, AND<br><br>NATHANIEL EUGENE FLENNORY in his individual capacity,<br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>NORTHERN DIVISION |

## FEDERAL COMPLAINT

COME NOW Plaintiffs, by and thorough their undersigned counsel, and in support of his Complaint against the Defendants, state as follows:

1. Plaintiff CODY LEE WALTON, is a citizen of the state of Missouri and a resident of Boone County, Missouri.

2. Defendant Robert Dawson is a citizen of the state of Missouri and a resident of Macon County, Missouri. At all times pertinent to this litigation he was the Sheriff of Macon County, Missouri.

3. Defendant David Moore is a citizen of the state of Missouri and a resident of Macon County, Missouri. At all times pertinent to this litigation he was the Jail Administrator for the Macon County Sheriff Department.

4. Defendant Unknown Macon County Sheriff Deputy is a citizen of the state of Missouri and a resident of Macon County, Missouri.

5. Defendant Alan R. Wyatt is a citizen of the state of Missouri and a resident of Macon County, Missouri. At all times pertinent to this litigation he was the Presiding Commissioner for the Macon County, Missouri The County Commission is the governing body for Macon County, and.

6. Defendant Drew Belt is a citizen of the state of Missouri and a resident of Macon County, Missouri. At all times pertinent to this litigation he was Commissioner District #1 for the Macon County, Missouri.

7. Defendant Jon Dwiggins is a citizen of the state of Missouri and a resident of Macon County, Missouri. At all times pertinent to this

litigation he was a Commissioner for District #2 for Macon County, Missouri.

8. Defendant Nathaniel Flennory is a citizen of the state of Missouri.

9. This Court has personal jurisdiction over all parties in this litigation. This Court's jurisdiction is proper pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

10. Claims in this litigation are brought pursuant to 42 U.S.C. Section 1983 and Missouri law. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section(s) 1331 and 28 U.S.C 1367.

11. A substantial part of the events giving rise to this claim occurred in Macon County, Missouri. Therefore, venue is proper with the Eastern District of the United States District Court of Missouri pursuant to 42 U.S.C. Section 1391 (b).

**Facts Common to All Counts**

12. At all times pertinent to this litigation, Defendants Dawson, Moore, and Unknown Macon County Deputy acted within the normal, usual and customary scope of their duties as Macon County Sheriff Department official(s) and employee(s), respectively.

13. All actions and omissions of Defendant Dawson and Defendant Moore and Unknown Macon County Deputy, as described below, arose out of and were performed in connection with their official duties as members of the law enforcement community.

14. At all times pertinent to this litigation, Defendants Wyatt, Belt and Dwiggins acted within the normal, usual and customary scope of his duties as officials for the Macon County Commision.

15. At all times pertinent to this litigation, Defendants Wyatt, Belt and Dwiggins and/or Macon County Commission acted under the color of state law.

16. Defendant Flennory was an inmate in the Macon County, Missouri Jail during all times relevant to this litigation charged with forcible rape, and

17. Plaintiff Cody Lee Walton at all times pertinent to this litigation was a pre-trial detainee on a felony stealing case, and

18. On or before Monday, August 30, 2010, while confined in the Macon County Jail, Defendant Flennory, approximately 35 years of age, 5 foot 7 inches tall and 195 pounds in weight, at approximately 3:30 A.M. did exit his unsecured jail cell # 5 and entered the unsecured jail cell # 4 which confined Plaintiff Cody Lee Walton, then 19 years of age and approximately 5 foot 10 inches in height and 135 pounds in weight, and Defendant

Flennory by force and threats of violence did sexually assault Cody Lee Walton and did continual the assault to include the forcible anal sodomization of Plaintiff Walton. And

19. That Defendant Flennory had on Thursday, August 26, 2010, in the Circuit Court of Macon, County pled guilty to forcible rape by forcible compulsion and was sentenced to serve fifteen years in the Missouri Department of Corrections and was not scheduled by the Macon County Sheriff's Department for transportation until August 30, 2010, and

20. That on May 31, 2010, that Defendant Flennory while a pre-trial detainee on the rape charge at the Macon County Jail did sexually assault fellow pre-trial detainee Adam Scott by biting him on his genitals and by forcing his hand down his pants touching his buttocks.

21. That Defendant Flennory prior to May 30, 2010, had an extensive criminal history, including being a registered sex offender and including felony Assault 2d on a Law Enforcement Officer with a knife, domestic assault(s), unlawful use of a weapon, drug and alcohol charges and had been subject to a probation violation for his prior failure to register as a sex offender with the sheriff's office, and.

22. <u>Color of State Law</u>

a. Defendants, with the exception of Defendant Flennory, were all acting under color of State law during all times set out herein, specifically at the times the Plaintiffs' Federal Constitutional rights were violated. Since the allegations in the various counts which follow relate to one another, Plaintiffs do incorporate into each respective count the contents of allegations in the other respective counts.

23. Deprivations and Violations of Rights

    a. Due to the acts and/or omissions of the Defendants, the Plaintiffs seek damages from committing acts under color of law which deprived Plaintiffs of rights secured under the Constitutions and laws of the United States and of the State of Missouri, to wit:

        i. For committing such acts in violation of those Constitutions and laws, and

        ii. For violating the customs and usages of the State of Missouri, and

        iii. For violating the rights, privileges and immunities secured to them by the Constitution and laws of the United States and the State of Missouri, and

        iv. For violating the equal protection of the law and equal privileges under the law, guaranteed by the Fourteenth

                Amendment to the United States Constitution and similar provisions of the Missouri State Constitution, and

      v. For refusing or neglecting to prevent such deprivations and denials to the Plaintiffs, and

      vi. For their wrongful, intentional, reckless and/or negligent conduct.

      vii. For failing to provide reasonable protection from violence while in custody, and

      viii. For their deliberate indifference by refusing to take reasonable measures to safeguard pre-trial detainees in their custody from a known substantial risk to his safety and/or for recklessly disregarding a substantial and known, or should have been known, risk to the safety and well-being of those other persons held in custody with Defendant Flennory, and

24. That the Defendants Wyatt, Belt and Dwiggins and/or Macon County Commission and/or Robert Dawson the Sheriff of Macon County, Missouri, Defendant David Moore and/or Unknown Macon County Deputy Sheriff either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the rights of Plaintiff Cody Lee Walton.

25. That Defendants are further liable for their failures to train, instruct, supervise, control and discipline the individual law enforcement or correction officers on a continuing basis, to wit:

   a. Said failures were the result of official policy and/or the customs, practices, usages of the defendant government entity

   b. Said failures included failure to routinely secure the jail cells housing pre-trial detainees and/or inmates during the overnight hours

   c. Said failures included failure to segregate pre-trial detainees from post-sentenced prisoners to be delivered to the Missouri Department of Corrections for incarceration upon their sentence, and

   d. Said failures were the result of the deliberate indifference of the policy makers toward the rights of the citizens and Plaintiff involved herein.

26. <u>Joint Venture, Joint and Several Liability and Conspiracy</u>

   a. Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severally liable to the plaintiff. Plaintiff alleges that the actions of the Defendants described herein were the actions of persons conspiring together, all being conspirators engaged in a scheme and conspiracy to deny and to deprive plaintiffs of rights guaranteed to them under the

Constitution and laws of the United States and of Missouri and particularly those enumerated in this Complaint. The defendants combined and acted in concert by way of an agreement to inflict wrongs against/ injuries upon the plaintiff.

b. The purpose of conspiring was to deprive, either directly or indirectly, plaintiff of the equal protection of the laws and equal privileges and immunities under the laws and his Constitutional rights.

c. Plaintiff was injured in his persons and deprived of having and exercising their rights and privileges as a citizen of the United States and of Missouri, all as set forth herein.

27. Actual Damages

a. Plaintiffs specifically suffered deprivation of federal and state Constitutional rights and also- in connection therewith- loss of freedom, emotional pain, worry, suffering, mental distress in the form of embarrassment, humiliation, anxiety, nervousness, indignity, insult, and loss of enjoyment of life, loss of blood and physical injury.

b. That as a direct and proximate cause to the acts and/or omissions of the Defendants, the Plaintiffs have endured loss of enjoyment of life, loss of sleep, symptoms of post-trauma, inconvenience,

personal humiliation, nervousness and suffering, anger, pain and suffering, mental anguish, and emotional damages.

28. Exemplary Damages

   a. All the acts of the defendants were willful, wanton, reckless, malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of plaintiff. Therefore, plaintiff is entitled to an award of exemplary damages, at least against the individual defendants acting in their individual capacities.

## COUNT I – VIOLATION OF CONSTITUTIONAL RIGHTS

29. These following Defendant(s) violated Plaintiff's Constitutional rights: Robert Dawson; David Moore; Unknown Macon County Deputy; Alan R. Wyatt; Drew Belt; Jon Dwiggins

30. Plaintiff Cody Lee Walton hereby reincorporates and restate paragraphs 1 through 29 into this Count I as though fully set forth herein, and

31. Defendants above knew or should have known that Plaintiff faced a substantial risk of harm from Defendant Flennory and disregarded that risk by failing to take reasonable measures to abate it, and

32. Defendants were deliberately indifferent to Plaintiff Walton's right to protection against violence while in custody and did ignore this substantial risk to his safety, and

33. Plaintiff Walton was in fact harmed and violated by Defendant Flennory due to these above Defendants failure to take reasonable measures to protect him from this known and foreseeable harm, and

WHEREFORE, Plaintiff Cody Lee Walton prays this Court enter a joint and several judgment in his favor and against the Defendants named in Count I, holding Defendants liable for the injuries and damages suffered by Plaintiff, specifically granting the following relief:

    a. An injunction against any similar actions ever being taken by defendants or any of their employees at any time hereafter, and specifically an injunction requiring the governmental entities involved to take immediate steps so as to provide all necessary training, supervision, and policies required to prevent the release of similar tapes.

b. Specifically that Defendant(s) be enjoined from the leaving the jail cells unsecured between the hours of 10 P.M thorough 5 A.M, unless an individual detainee/prisoner is being processed for a

purpose necessary for jail operations by the jail's professional staff, and

c.  Further enjoin Defendant(s) from co-mingling pre-trial detainees with post-sentencing prisoners who are to be transported to the Missouri Department of Corrections to serve their sentences, and

d.  And additionally enjoin these Defendants from accepting new inmates until they have screened these inmates MULES records and/or arrest records and enacted a policy to segregate inmates with a history of assaultive behavior against other inmates or law enforcement into solitary confinement, and

e.  Plaintiff further prays that this Court order Defendants to pay Plaintiff such actual compensatory sums as to fully and completely compensate him for the injuries and damages he has suffered as previously outlined and for pre-judgment interest.

f.  Plaintiff further prays that this Court order Defendants to pay exemplary damages to Plaintiff (acknowledging that the exemplary damages would only be against the individual defendants acting in their individual capacities) as Defendants' conduct is outrageous and exhibits conscious disregard and reckless indifference for the rights and safety of others.

g.  Plaintiff further prays for an award of Attorney's fees and expenses as allowed by 42 U.S.C. Section 1983 and 1988.

h.   Each of the rights described above are clearly established Constitutional rights.

i.   Plaintiff prays for all other relief that this Court deems just and proper.

## Count II – ASSAULT

34. Plaintiff Cody Lee Walton hereby reincorporates and restates paragraphs 1 through 33 into this Count II as though fully set forth herein.

35. That on or about August 30, 2010, commencing at approximately 3:30 A.M. that Defendant Flennory did with the intent make offensive physical contact with Plaintiff did so contact him in the genitals and anus

36. Such physical contact was offensive to Plaintiff, and

37. Such contact would be offensive to a reasonable person, and

38. Defendant Flennory with the intent to cause apprehension did threaten Plaintiff who was placed in apprehension of bodily harm, and

39. As a direct and proximate result of the actions of Defendant Flennory in violating the rights of the Plaintiff Cody Lee Walton, he suffered the previously-mentioned injuries and damages.

40. Plaintiff claims that he is entitled to actual damages and exemplary damages based upon all of the facts set out herein.

WHEREFORE, Plaintiff prays this Court enter a judgment in his favor and against the Defendant Flennory named in Count II holding Defendant liable for the injuries and damages suffered by Plaintiffs. Plaintiff further prays that this Court order Defendant to pay Plaintiffs such sums as to fully and completely compensate them for the injuries and damages they have suffered as previously outlined. Plaintiff further prays this Court order Defendant to pay exemplary damages to Plaintiff as Defendants' conduct was malicious or recklessly indifferent to the rights of others and justifies the award of punitive damages. Plaintiffs pray for all other relief that this Court deems just.

TO WIT I hereunto set my signature that the facts recited in the above complaint are true and complete to the best of my knowledge and belief after first beign duly sworn.

*Cody Lee Walton* (signature)
Cody Lee Walton

STATE OF MISSOURI    }
                     } SS
COUNTY OF BOONE      }

On this 5th day of July 2011, before me personally appeared Cody Lee Walton, to me known, and first being duly sworn, acknowledged that he executed the foregoing instrument as his free act and deed

IN TESTIMONY THEREOF, I have hereunto set my hand and affixed my official seal in the county and State aforesaid, on this 5th day of July 2011

Notary Public

My Commission Expires:

JENNIFER A. WHITNEY
Notary Public - Notary Seal
STATE OF MISSOURI
Boone County
My Commission Expires Nov. 5, 2014
Commission# 10392856

14

Respectfully submitted,

WYSE LAW FIRM , P.C.

_____
Stephen Wyse, MO Bar# 49717
U.S. District Court, E.D. – Pro Hac Vice
609 E. Broadway
Columbia, MO 65201
(573) 449-7755, Fax (573) 449-7557


Attorney for Cody Lee Walton