IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CODY L. WALTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 2:11-CV-00048 |
| | ) | |
| ROBERT DAWSON, et al., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## DEFENDANT MOORE'S TRIAL BRIEF

**COMES NOW** Defendant Moore, in his individual and official capacity, by and through his undersigned counsel, John B. Morthland and Amy L. Ohnemus, and for his trial brief, state as follows:

**I.    Legal Issues**

**A.    Liability of Macon County, Missouri**

The issue in this case as it relate to Defendant Moore has been narrowed to whether Moore, in his individual and official capacity, failed to train the jailer on duty at the time of the alleged incident. It appears that the only remaining issue is whether Defendant Moore failed to train Bilinski to lock down the jail cells at night. There are no underlying claims for failure to protect against Defendant Moore as he was granted summary judgment on that issue.

To sustain a Section 1983 action against a government official in his official capacity, plaintiff must prove that the government agency itself caused the constitutional violation at issue. *Parrish v. Ball,* 594 F.3d 993 (8th Cir. 2010). Here, the question is whether Macon County itself caused the alleged sexual assault by its alleged failure to train the jailer on duty. A county may not be sued under Section 1983 for an injury inflicted solely by its employees or agents on a respondeat superior theory of liability. *Id.* (Citing *Monnell v. New York Dep't of Soc. Servs.*,

436 U.S. 658 (1978). A local government can be liable for inadequate training of its employees. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff who seeks to impose liability upon a local government under Section 1983, must prove that "action pursuant to official municipal policy" caused their injury. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Only in limited circumstances, will a government's decision not to train certain employees rise to the level of an official municipal policy for purposes of Section 1983. *Connick*, 131 S.Ct. at 1359.

The Supreme Court has noted that a municipality's potential culpability for a deprivation of rights is most tenuous where the claim turns on failure to train. *Id.* To establish a claim against a municipality for failure to train the plaintiff must show that the failure to train amounts to deliberate indifference to the rights of the individuals with who the untrained individuals come into contact with. *Id.* The Supreme Court further noted that this means that liability occurs only when city policymakers are on actual or constructive notice that a particular omission in their training program causes an employee to violate an individual's constitutional rights and after receiving notice they choose to retain that program. *Id.* To meet this standard, the plaintiff must ordinarily show that there were a pattern of similar constitutional violations committed by untrained employees. *Id* at 1360. If the policymakers do not have notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* When failure to train claims arise, the court must be cautious not to micro-manage local governments and their training programs. *Id.* at 1363. "'[P]rov[ing] that an injury or accident could have been avoided if an [employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct' will not suffice." *Id. (Citing Canton*, 489 U.S. at 391).

The Eighth Circuit has held that a county is only liable where (1) the county's training practices were inadequate; (2) the county was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate choice by the county; and (3) an alleged deficiency in the training procedures actually caused the plaintiff's injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). Minimum training alone will not establish a claim for failure to train. *City of Canton*, 489 U.S. at 390-91. Instead, the Plaintiff must demonstrate "that in light of the duties assigned to the specific officers ... the need for more or different training is so obvious and the inadequacy so likely to result in the violation of the constitutional rights, that the policymakers of the county can reasonably be said to have been deliberately indifferent to the need." *Id.* In short, the plaintiff must demonstrate that the county had notice that its procedures were inadequate and likely to result in a violation of constitutional rights. *Andrews*, 98 F.3d at 1076. Furthermore, the plaintiff claims that the local government has not directly inflicted an injury but nonetheless has caused an employee to do so the causation standard applied is a rigorous one. *Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007).

In addition, the fact that the officer's may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from other factors other than a faulty training program. *City of Canton v. Harris*, 489 U.S. 378 (1989). The plaintiff must show the faulty training program was the cause of injury. The Plaintiff must prove that there was a meaningful systemic problem with the way the officers were trained. *Id.* The court cannot assume that the officer's failure to do something was the result of the training program. This standard is a heightened standard of causation. *Id.*

## B. Individual Liability of David Moore

In the context of a claim against an individual for failure to train, the failure to train or supervise the offending actor must have caused the deprivation. *Parrish*, 594 F.3d at 1001. Defendants will maintain at trial that they are entitled to qualified immunity on the claims against them in their individual capacity. A supervisor is not individually liable if he is entitled to qualified immunity. Defendants are entitled to qualified immunity so long as they have not violated clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is plaintiff's burden to overcome the defense of qualified immunity. To overcome qualified immunity, plaintiff must show (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.

To establish a constitutional violation on a failure to train claim against the supervisor individually, plaintiff must establish that Defendants: (1) received notice of a pattern of unconstitutional acts a committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) such failure proximately caused plaintiffs injury. *Id.* at 1002. In addition the plaintiff must prove that the failure to train actually caused the deprivation. *Id.* Further, a supervisor is entitled to qualified immunity unless a reasonable supervisor would have known that his training program or lack thereof was likely to result in the specific constitutional violation. *Id.*

Defendants anticipate that there will be legal issues with regards to whether Plaintiff can establish a constitutional violation on the part of jailer, Ryszard Bilinski. Defendants maintain

that Mr. Bilinski would be entitled to qualified immunity if he were a party to this action and that Plaintiff's cannot establish that Bilinski was deliberately indifferent to a substantial risk of serious harm to Plaintiff. Since Plaintiff cannot establish deliberate indifference on the part of Bilinksi, Plaintiff cannot establish that Bilinski violated his constitutional rights. Bilinski was not deliberately indifferent to a risk of harm to Plaintiff as Bilinski was not aware of any prior alleged assaults on the part of Defendant Flennory. Bilinski did not work at the Macon County Jail at the time of the alleged assault between Flennory and Scott. There is no requirement that prison administrators inform jailers or guards of the reasons an inmate is in custody or of the inmate's prior offenses. Additionally, any knowledge that Dawson or Moore may have had regarding the incident between Flennory and Scott cannot be imputed to Bilinski. Accordingly, the facts will show that Bilinski was not deliberately indifferent as he had no subjective knowledge that there was a substantial risk of harm to Plaintiff.

In the context of a failure to train claim, Plaintiff must establish an underlying constitutional violation on the part of an individual officer to succeed. It stands to reason that if the officer did not commit a constitutional violation there was no error in the training procedures. *See Los Angeles v. Heller*, 475 U.S. 796 (1986) and *Schulz v. Long*, 44 F.3d 643, 650 (8th Cir. 1995). In *Schulz*, the Court noted that a municipality may not be held liable on a failure to train theory unless an underlying constitutional violation is located. In other words, a failure to train claim is dependent upon an individual officer having committed a constitutional violation.

II.     Factual Issues

The factual issues in this matter will center on the policies at the Macon County jail regarding jail lockdown procedures and compliance with those procedures by Macon County officers. Defendants contend the facts establish that they had no knowledge that the jail cells

were not being locked down at night by Mr. Bilinksi. Plaintiff contends that Dawson and Moore were aware that the jail cells were not being locked down at night. The issues will also deal with whether the alleged act between Plaintiff and Flennory was consensual.

### III.  Substantive and Procedural Issues

Defendants anticipate that there will be some procedural and substantive problems. Specifically, Defendants have contemporaneously with this brief filed a motion in limine. The motion in limine seeks to prohibit the testimony of Adam Scott in this matter as Mr. Scott has been declared incapacitated by a court of law. Furthermore, defendants anticipate that there will be issues regarding the use of statements given by Ryszard Bilinski. Bilinski is not a party to this action and is no longer an employee of Macon County. In addition, Defendants anticipate objecting to the introduction of evidence by plaintiff that Bilinski violated plaintiff's constitutional rights as such allegations are outside the scope of Plaintiff's pleadings.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By  s/John B. Morthland | By  s/Amy L. Ohnemus |
| JOHN B. MORTHLAND, #27404MO | AMY L. OHNEMUS, #60191MO |
| WASINGER, PARHAM, MORTHLAND | WASINGER, PARHAM, MORTHLAND |
| TERRELL & WASINGER, L.C. | TERRELL & WASINGER, L.C. |
| P. O. Box 962 | P.O. Box 962 |
| Hannibal, Missouri 63401 | Hannibal, Missouri 63401 |
| Phone: (573) 221-3225 | Phone: (573) 221-3225 |
| Fax: (573) 221-9315 | Fax: (573) 221-1991 |
| (E-Mail) jbmorthland@wasingerlaw.com | Email: alohnemus@wasingerlaw.com |
| Attorney for Defendants Dawson, Moore, Wyatt Belt and Dwiggins | Attorney for Defendants Dawson, Moore, Wyatt, Belt and Dwiggins |

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the foregoing document was served upon the Stephen Wyse, counsel for Plaintiff Cody Walton and upon Michael Holliday, counsel for

Defendant Nathanial Flennory via the Court's electronic notification system on this 8th day of September, 2014.

/s/ Amy L. Ohnemus