# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CODY L. WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11CV48 JCH |
| | ) |
| ROBERT DAWSON, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cody L. Walton's Amended Motion for Attorneys' Fees & Costs pursuant to 42 U.S.C. § 1988 as the Prevailing Party for Claims Pursued under 42 U.S.C. § 1983 ("Motion for Attorneys' Fees and Costs"), filed October 22, 2014. (ECF No. 193). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff filed his Complaint in this matter on July 5, 2011. (ECF No. 1). Originally named as Defendants were Robert Dawson, Macon County Sheriff, David Moore, Macon County Jail Administrator, and Unknown Macon County Deputy Sheriff (in their official and individual capacities), Alan R. Wyatt, Macon County Presiding Commissioner, Drew Belt and Jon Dwiggins, Macon County Commissioners (in their official capacity only), and Nathaniel Eugene Flennory (in his individual capacity only).

On August 8, 2011, Plaintiff was granted leave to dismiss Unknown Macon County Deputy Sheriff without prejudice. (ECF Nos. 15, 17). Plaintiff survived a Motion to Dismiss filed by Defendants Dawson, Moore, Wyatt, Belt and Dwiggins. (ECF No. 66). He then was

granted leave to dismiss Defendants Wyatt, Belt and Dwiggins on August 27, 2012. (ECF Nos. 72, 77).

In a Memorandum and Order entered December 11, 2012, the Court granted Defendants Dawson and Moore's Motion for Summary Judgment with respect to Plaintiff's failure to protect claim. (ECF No. 104). The Court further dismissed Plaintiff's conspiracy claim, and his request for injunctive relief. (*Id.*). The Court denied Defendants' motion with respect to Plaintiff's claim for failure to train and/or supervise, however, leaving it intact against Defendants in both their individual and official capacities. (*Id.*).

On December 13, 2012, Defendants filed a notice of interlocutory appeal regarding the Court's denial of qualified immunity on Plaintiff's claim of failure to train. (ECF No. 105). Plaintiff filed a notice of cross appeal on December 21, 2012, based on a number of alleged trial court errors. (ECF No. 113). The Eighth Circuit Court of Appeals dismissed Plaintiff's cross appeal on February 13, 2013. (ECF No. 119). On May 20, 2014, the Eighth Circuit reversed this Court in part, granting qualified immunity to Defendant Dawson. (ECF No. 121). The Court declined to grant qualified immunity to Defendant Moore. (*Id.*).

On October 6, 2014, the parties stipulated to the dismissal of Defendant Flennory. (ECF Nos. 171, 177). The case then proceeded to trial on Plaintiff's remaining claim of failure to train and/or supervise against Defendant Moore in his official capacity only, on October 7, 8, and 9, 2014. The jury eventually found for Plaintiff, and awarded him sixty thousand dollars in damages. (ECF No. 180).

As stated above, Plaintiff the instant Motion for Attorneys' Fees and Costs on October 22, 2014. (ECF No. 193). In his motion, Plaintiff requests an award of $923,900.00 in attorneys' fees, as follows:

| Attorney/Legal Assistant | Hours | x | Rate | = Total |
|---|---|---|---|---|
| Jeremy D. Hollingshead | 322.9 | | $400 | $129,160.00 |
| John M. Eccher | 159.5 | | $400 | $63,800.00 |
| Stephen S. Wyse | 1570.7[1] | | $450 | $707,510.00[2] |
| Jeffrey R. Chapdelaine | 20 | | $500 | $12,000.00[3] |
| Derek M. Rudman | 9 | | $450 | $4,050.00 |
| Melissa Brockgreitens (Assistant) | 48 | | $100 | $4,800.00 |
| Jessica Rials (Assistant) | 25.8 | | $100 | $2,580.00 |

(ECF No. 189, P. 13). Plaintiff further seeks $5,923.00 in costs. (ECF No. 193). Defendant objects to the awarding of attorneys' fees and costs.

## DISCUSSION

**I.** **Attorneys' Fees**

42 U.S.C. § 1988(b) provides in relevant part as follows: "In any action or proceeding to enforce a provision of section[]...1983,....the court, in its discretion, may allow the prevailing party,....a reasonable attorney's fee as part of the costs...." "The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Copeland v. ABB, Inc.*, 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This figure is often referred to as the 'lodestar.'" *Id.* (citation omitted). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The district court then may reduce the award when the documentation of hours worked is inadequate,

---

[1] Mr. Wyse apparently voluntarily reduced his hours by 10%, "[i]n good faith effort to avoid unnecessary litigation about matters of judgement." (ECF No. 191, P. 68).

[2] The Court recognizes that 1570.7 hours times $450.00 per hour actually totals $706,815.00, slightly lower than Plaintiff's calculation. For purposes of this Order, however, the Court will utilize Plaintiff's figures.

[3] Again, the Court recognizes that 20 hours times $500 per hour actually totals $10,000.00. The Court further recognizes that Mr. Chapdelaine claims to have spent 21 hours on this matter. (ECF No. 193-1, P. 3).

or when it determines that hours were not "reasonably expended."[4]  *Id.* at 433-34.  "Once the lodestar amount has been determined, the Court may consider several other factors[5] to determine whether the fee should be adjusted upward or downward, although many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Buzzanga v. Life Ins. Co. of North America*, 2013 WL 784632, at *1 (E.D. Mo. Mar. 1, 2013) (internal quotations and citations omitted).

### A.     Number Of Hours Worked

The fee applicant bears the burden of substantiating the claimed number of hours expended.  *Hensley*, 461 U.S. at 433.  In an effort to meet his burden, Plaintiff has submitted detailed billing records from five attorneys.  Defendant challenges Plaintiff's claimed hours on a number of bases.  The Court will address these challenges in turn.

#### 1.     Attorney Jeffrey R. Chapdelaine

Plaintiff requests fees for attorney Jeffrey R. Chapdelaine in the amount of $12,000.00.  (ECF No. 193-1).  Mr. Chapdelaine explained his role in this case as follows:  "In addition to handling my own cases, I supervisor (*sic*) lawyers and consult with lawyers on cases.  Specifically, in this case my role on the litigation team was to prepare the plaintiff, who suffered trauma as a result of the assault, to testify.  Our primary concern was protecting the plaintiff from

---

[4] The Supreme Court has explained that hours may not be reasonably expended because, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434.  Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary..." *Id.*

[5] "Other factors which may be considered include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Sellers v. Peters*, 624 F.Supp.2d 1064, 1068 (E.D. Mo. Apr. 14, 2008) (citations omitted).

being re-traumatized during the trial as a result of having to testify regarding his sexual assault." (*Id.*).

Upon consideration, the Court agrees with Defendant that the time expended by Mr. Chapdelaine was unnecessary. Immediately prior to trial Plaintiff had three attorneys of record in this case, any one of whom could have prepared him to testify at trial. Under these circumstances, the Court will deny Mr. Chapdelaine's requested fees in their entirety.

### 2. **Attorney Derek M. Rudman**

Plaintiff requests fees for attorney Derek M. Rudman in the amount of $4,050.00. (ECF No. 192-2). This figure consists of 9 hours of legal work, billed at a rate of $450.00 per hour. (*Id.*). Mr. Rudman explained his work on this case as follows: "The instant case required research, review, strategy, and coordination with other members of the trial litigation team, including my partners, Douglas B. Rudman and Timothy J. Smith. Additionally, the instant case required interactions with Stephen Wyse, counsel for Plaintiff. The instant case posed significant and complex hurdles to obtain discoverable evidence confirming the allegations of Plaintiff, including injuries, causation, and damages." (*Id.*).

Upon review of Mr. Rudman's submission, the Court finds his involvement in this case was limited to investigating whether his firm could enter as co-counsel with Mr. Wyse. (ECF No. 192-2, P. 5). Mr. Rudman ultimately concluded that it could not due to time constraints, and his involvement ended at that time. (*Id.*). Under these circumstances, the Court does not find Mr. Rudman is entitled to recover his requested fees.[6]

### 3. **Excessive Hours**

---

[6] The Court finds it somewhat appalling that Mr. Rudman requested any fees at all, considering his involvement in this matter lasted exactly three days and concluded with him declining to participate in any capacity.

Upon consideration, the Court finds the number of hours reported by Plaintiff's counsel in this case, and especially Mr. Wyse, to be grossly excessive. For example, Mr. Wyse's time entries reflect that he spent approximately 545 hours researching this case prior to the interlocutory appeal, including approximately 140 hours before he filed his original Complaint. He spent an inordinate amount of time on discovery matters, considering he forwarded no interrogatories to Defendants, and participated in only three depositions. (ECF No. 197-1, P. 7 n. 5). He further spent numerous hours performing tasks that should have taken far less time, such as filing his motion for admission pro hac vice and assisting in preparing the joint scheduling plan. Finally[7], Mr. Wyse allegedly spent an extraordinary amount of time, close to 60 hours, reviewing what amounted to one and two line docket entries.[8]

With respect to Mr. Hollingshead and Mr. Eccher, the Court finds they spent excessive amounts of time coming up to speed on a relatively uncomplicated file. They further spent unnecessary time engaged in clerical tasks.

In light of the foregoing, together with the Court's own knowledge of the appropriate amount of time required to litigate a case such as this one[9], the Court will deduct 846.2 hours from Mr. Wyse's request, 51.2 hours from Mr. Hollingshead's request, and 6.2 hours from Mr. Eccher's request.

### 4. **Duplicative Items**

---

[7] The above listing of excessive amounts of time reported by Mr. Wyse is by no means exhaustive.

[8] A number of Mr. Wyse's requests are especially egregious. For example, he claims to have spent 1.4 hours reviewing and considering ECF No. 22, a three line docket text order denying his motion to have the trial of this matter moved to St. Louis, and another 1.2 hours reviewing and considering ECF No. 23, a one page order appointing Mr. Michael D. Holliday to represent Defendant Nathaniel Eugene Flennory.

[9] By way of comparison, Defendant's counsel submitted affidavits attesting their total amount of hours spent on this matter was 690.2. (ECF No. 205-1, 205-2).

The Court's review of the record further reveals that this matter was overlawyered. After the case was remanded for trial by the Eighth Circuit, Mr. Wyse enlisted the help of two St. Louis attorneys, Mr. Hollingshead and Mr. Eccher. This resulted in much duplication of effort, including an extraordinary number of telephone calls and conferences among the various attorneys, and the participation of more than one attorney in activities that easily could have been handled by one. The most egregious example of duplicative effort entailed the presence of Mr. Wyse throughout the entirety of the trial of this matter. As noted by Defendant, Mr. Wyse's sole activity before the jury involved his cross-examination of one witness, Mr. Michael Shively. This examination was extremely brief, as Mr. Wyse released the witness after the Court sustained an objection from Defendant. Upon consideration, the Court will deduct an additional 72 hours from Mr. Wyse's request, 45 hours from Mr. Hollingshead's request, and 20 hours from Mr. Eccher's request.

### 5. Legal Assistant Fees

Plaintiff seeks compensation for two legal assistants, Ms. Jessica Rials and Ms. Melissa Brockgreitens. With respect to Ms. Rials, the Court notes Plaintiff fails to provide documentation supporting any of the time allegedly expended. The Court thus will deny Ms. Rials' requested fees in their entirety.

With respect to Ms. Brockgreitens, the Court agrees with Defendant that a number of her entries are too vague to permit assessment. Furthermore, the Court finds Ms. Brockgreitens' entries suspect, as rather than denoting increments of one-tenth hour, they consistently reflect multiples of whole hours worked. In light of its inability properly to assess her submission, the Court will deny Ms. Brockgreitens' requested fees as well.

### 6. Fees For Appeal

As noted above, on December 13, 2012, Defendants filed a notice of interlocutory appeal regarding the Court's denial of qualified immunity on Plaintiff's claim of failure to train. (ECF No. 105). Plaintiff filed a notice of cross appeal on December 21, 2012, based on a number of alleged trial court errors. (ECF No. 113). Defendants filed a motion to dismiss Plaintiff's cross appeal, claiming the Eighth Circuit lacked jurisdiction, and the Eighth Circuit ultimately agreed, dismissing Plaintiff's cross appeal on February 13, 2013. (ECF No. 119).

Upon consideration of the foregoing, the Court finds Mr. Wyse is not entitled to any fees incurred in connection with the prosecution of his cross appeal. The Court therefore will deduct an additional 65 hours from Mr. Wyse's request.

The following hours thus remain:

**Mr. Stephen S. Wyse:** 587.5

**Mr. Jeremy D. Hollingshead:** 226.7

**Mr. John M. Eccher:** 133.3

> **Total:** 947.5

> **B.** <u>**Hourly Rate**</u>

As stated above, the Court next must multiply the number of hours worked by a reasonable hourly rate. Under Eighth Circuit law, "[a] reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citation omitted). "The burden is on the moving party to provide evidence supporting the rate claimed." *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003), citing *Hensley*, 461 U.S. at 433, *cert. denied*, 541 U.S. 1043 (2004). Furthermore, "when fixing hourly rates, courts may draw on

their own experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) (citation omitted).

In the instant case, Plaintiff requests hourly rates of $450.00 for attorney Stephen S. Wyse, and $400.00 for attorneys Jeremy D. Hollingshead and John M. Eccher.[10] (ECF No. 189, P. 8). In support of these hourly rates, Plaintiff cites to the following: (a) a March, 2009, opinion out of the Western District of Missouri, in which Judge Nanette Laughrey awarded hourly fees ranging from $250 to $470, for a case involving a two week trial after which the jury awarded $16 million in compensatory and punitive damages; (b) the "Laffey Matrix," a chart created by the Civil Division of the United States Attorney's Office for the District of Columbia; and (c) the *Missouri Lawyers Weekly's* June 17, 2013 survey, "Billing Rates 2013." (*Id.*, PP. 9-10).

By way of response, Defendant first asserts the awarding of hourly rates comparable to those in St. Louis is not appropriate, as the case was not litigated here, and Plaintiff offers no evidence that it was impossible to find counsel in the relevant locality willing to take Mr. Walton's case. (ECF No. 197-1, P. 6). Defendant further submits affidavits from Joseph Brannon, Scott Templeton, and Jeffrey Parshall, attorneys with over twenty-three, twenty-seven, and thirty-eight years' experience, respectively, in which they attest the general hourly rates for the Northeast and North Central Missouri areas are $150.00 to $200.00 per hour, and those in the Mid-Missouri area are $150.00 to $250.00 per hour. (*Id.*). Defendant next addresses discrepancies between this case and the one out of the Western District cited by Plaintiff, sufficient to justify a difference in the hourly rates awarded, and attempts to discredit Plaintiff's reliance on the Missouri Lawyers Weekly article and the Laffey Matrix. (*Id.*, PP. 7-8). With

---

[10] In light of the above rulings, the Court need not consider the reasonableness of the requested hourly rates for Mr. Chapdelaine, Mr. Rudman, Ms. Rials and Ms. Brockgreitens.

respect to Plaintiff's attorneys Hollingshead and Eccher, specifically, Defendant states as follows: "Mr. Hollingshead and Mr. Eccher have failed to cite to any rates for attorney's (*sic*) that graduated in 2007, that became licensed in 2008 or 2010, which are $400.00. Furthermore, neither Mr. Hollingshead nor Mr. Eccher's affidavits reflect extensive work in the area of litigation under 42 U.S.C. § 1983 nor do their affidavits contain any information which would establish that awarding them $400.00 an hour is appropriate." (*Id.*, P. 8). Defendant further notes that this Court found Mr. Wyse's reasonable hourly rate to be $150.00 in 2007, and he has not provided evidence justifying his request for a rate $300.00 per hour higher than that previously awarded. (*Id.*, PP. 8-9). Finally, Defendant submits evidence that its own attorneys, Mr. John B. Morthland and Ms. Amy L. Ohnemus, both charged $110.00 per hour in this matter. (ECF Nos. 205-1, 205-2).[11]

Upon consideration of the foregoing, the Court finds the hourly rates requested by Plaintiff's attorneys to be unreasonable. The Court thus will reduce the requested hourly rates as follows: Mr. Stephen Wyse: $160.00 per hour; and Mr. Jeremy D. Hollingshead and Mr. John M. Eccher: $150.00 per hour.

C. **Level Of Success**

The Court finally turns to consideration of, "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

> If…a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were

---

[11] Mr. Morthland is a Hannibal attorney with approximately thirty-eight years' experience at the time this matter went to trial, and Ms. Ohnemus is a Hannibal attorney with approximately seven years' experience at the time this matter went to trial. (ECF Nos. 205-1, 205-2).

interrelated, nonfrivolous, and raised in good faith….Again, the most critical factor is the degree of success obtained.

*Id.* at 436.

Upon consideration, the Court finds the degree of success obtained necessitates a reduction in the fee award. By way of explanation, the Court notes that although Plaintiff originally filed a number of claims against numerous Defendants, he ultimately proceeded to trial only against Defendant Moore in his official capacity, and only on one claim, i.e., failure to train/supervise. Furthermore, the Court agrees with Defendant that the verdict was not sizeable in relation to Plaintiff's pre-trial settlement demands. For example, immediately following the ruling on Defendant's interlocutory appeal, Plaintiff offered to settle this matter for $2,500,000.00. (ECF No. 197-8, P. 1). Plaintiff's eventual award of $60,000.00 thus represented approximately 2.4 per cent of his pretrial demand.[12] This result warrants a substantial reduction, as the Court is "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotations and citation omitted). The Court balances Plaintiff's limited degree of success, however, against the principle that "'[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.'" *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000), quoting *City of Riverside v. Rivera*, 477 U.S. 561 (1986).

Upon consideration of the foregoing, the Court finds a 50% reduction from the lodestar to be appropriate. The Court therefore will award fees as follows:

---

[12] According to Defendant, within the week prior to trial, Plaintiff reduced his demand to 1.25 million. (ECF No. 197-1, P. 23). Assuming this to be true, Plaintiff's award still represented only 4.8 per cent of the amount sought.

**Mr. Stephen S. Wyse:**  587.5 x $160.00/hour = $94,000 x 50% = $47,000.00

**Mr. Jeremy D. Hollingshead:**  226.7 x $150.00/hour = $34,005 x 50% = $17,002.50

**Mr. John M. Eccher:**  133.3 x. $150.00/hour = $19,995 x 50% = $9,997.50

**Total:**  $74,000.00

## II. Bill Of Costs

Plaintiff Cody Walton further requests a total of $5,923.69, as reimbursement for costs expended in connection with this matter. (ECF No. 189, PP. 14-15). As an initial matter, the Court will disallow $1,770.02 in requested costs associated with Mr. Chapdelaine, for the above articulated reasons. The Court further will disallow $400.00 in service fees, as the Eighth Circuit does not permit the recovery of fees for private process servers. *See Rohrbough v. Hall*, 2010 WL 4940954, at *2 (E.D. Mo. Nov. 30, 2010). The Court will permit the remainder of Plaintiff's requested costs, in the amount of in the amount of $3,753.67.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cody L. Walton's Amended Motion for Attorneys' Fees and Costs (ECF No. 193) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff Cody L. Walton's Amended Motion for Attorneys' Fees is **GRANTED** to the extent that the Court will order Defendant to pay attorneys' fees in the amount of $74,000.00, in accordance with the foregoing. Plaintiff's Motion for Attorneys' Fees is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff Cody L. Walton's Bill of Costs is **GRANTED** to the extent that the Court will tax costs against Defendant in the amount of $3,753.67. Plaintiff's Motion for Costs is **DENIED** in all other respects.

Dated this  26th  Day of January, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE